**Carole HASSON, Appellant,**

v.

**Daniel J. HASSON, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 1996.

Filed June 30, 1997.

Miriam M. Reimel, Bristol, for appellant.

Laurence I. Tomar, Yardley, for appellee.

Before DEL SOLE, TAMILIA and BROSKY, JJ.

DEL SOLE, Judge:

Wife appeals from an order directing Husband to pay support in the amount of $165.00 per week. We vacate the order and remand to the trial court for further proceedings.

The parties married in 1970 and separated in July 1995 when Wife moved to South Carolina to become a full-time student at Clemson University. The parties' two grown children remain in the marital home with Husband. Wife argues that the court erred (1) in calculating the amount of support; (2) in imputing to Wife an earning capacity of $300–$350 per week; and (3) in failing to include health care coverage in the order.

■ We must first dispose of Husband's contention that this appeal is improperly before us. Relying on *Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192 (1996) and *Calibeo v. Calibeo*, 443 Pa.Super. 694, 663 A.2d 184 (1995), Husband argues that his filing of a divorce complaint a month after entry of the support order and four days after the filing of the present appeal divests this court of jurisdiction to hear this appeal. We disagree. In *Leister* and *Calibeo*, the issue was whether an appeal from a spousal support order entered during the pendency of a divorce action is interlocutory. If the present order had been entered while a divorce action was pending, we would, following *Leister*, quash the appeal as interlocutory. However, when the present order was entered, no divorce action was pending. Anything filed after the date Wife filed her appeal can have no impact on our jurisdiction to hear this appeal. *Albee Homes, Inc. v. Caddie Homes, Inc.*, 417 Pa. 177, 207 A.2d 768 (1965) (re-

viewing court must consider only the facts which were of record and before the trial court on the date the decision was rendered); *Kilian v. Allegheny Co. Distributors*, 409 Pa. 344, 185 A.2d 517 (1962) (stipulation presented to supreme court could not be considered; facts not in record of the trial court at time of appeal cannot be considered by reviewing court). Notably, the record certified to this court contains no reference to a divorce complaint: no complaint or other pleadings appear in the record and the docket entries do not show that a complaint was filed or that any other action was taken relating to a divorce action.[1] As we cannot consider facts which are not on the record before us, *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981), and the record does not reveal either the filing of a divorce action or that the support order was entered during the pendency of a companion divorce action, we must review this case as a support-only matter. See *Asin v. Asin*, 456 Pa.Super. 515, 690 A.2d 1229 (1997) (divorce action filed in Cumberland County is not a "companion" to support action in Dauphin County). The order is therefore appealable.

■ Appellant first contends that the trial court erred in setting an amount of support that is below the guideline figures set forth in Pa.R.Civ.P.1910.16–2 or the figure obtained by using the formula contained in Pa.R.Civ.P.1910.16–3. There is a rebuttable presumption that the amount of support obtained by reference to the guidelines is the correct amount of support to be awarded. Pa.R.Civ.P.1910.16–1. That presumption is only rebutted where the trier of fact makes specific findings on the record to justify deviation from the guideline amounts. *McGinnis v. McGinnis*, 439 Pa.Super. 372, 654 A.2d 563 (1995). To determine the correct amount of support under the guidelines, the trial court must first determine the parties' net income or earning capacity, using the factors set forth in Pa.R.Civ.P.1910.16–5. In the present case, the only indication of Appellant's earning capacity is the trial court's comment

---

1. Appellant, in arguing against the applicability of *Leister* and *Calibeo* to this case, states that Appellee has done nothing to advance the divorce and only filed the complaint to obstruct the present appeal. This court, of course, has no way of knowing what has occurred because nothing related to a divorce appears in the record.

that Appellant's earning capacity "is in the vicinity of a net in the range of $300 to $350 per week." N.T. 9/25/95 at p. 146. The only indication of Appellee's income is one pay stub. Exhibit R–3.[2] Without more precise figures from the trial court, we are unable to determine whether the amount of support is correct under the guidelines.[3] We must therefore vacate the order and remand this case for appropriate calculations and, if the order is outside the guidelines, an appropriate explanation for the deviation.

Appellant next contends that the trial court erred in imputing an earning capacity of $300–$350 per week which is not supported by the evidence. The trial court gave no explanation for how it determined Appellant's capacity. Since we are remanding this case, we believe it would be inappropriate to attempt to dispose of this issue at this time but will await the trial court's explanation.

Finally, Appellant contends that the trial court erred in failing to order Appellee to maintain health insurance coverage for Appellant and to pay unreimbursed medical expenses. Under 23 Pa.C.S. § 4324, the court has the discretion to order an obligor to pay a designated percentage of the obligee's reasonable and necessary health care expenses. That section also provides, however, that if health care coverage is available at reasonable or no cost as a benefit of employment, the court must order the employed spouse to provide or extend that coverage to the other spouse. *Id.* Here, the trial court made no mention of health care expenses, either those reimbursable by Appellee's health care plan or those which are not reimbursable through that plan. Moreover, there was no evidence presented at the hearing regarding health care benefits. Therefore, on remand, the parties should be given the opportunity to present the necessary evidence to enable the court to apply 23 Pa.C.S. § 4324.[4]

Order vacated; case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

2. In the reproduced record Appellant includes income and expense statements for both parties as well as the report and recommendation from the Domestic Relations Office conference. These items are not, however, included in the record certified to this court from the court below. We must again remind all concerned that only information contained in the original record may be included in the reproduced record and considered by this court. *Commonwealth v. Rini, supra.* What is not in the original record simply does not exist for purposes of appellate review. Therefore, we cannot, on this record, accept Appellant's argument that Appellee's income is the amount listed on that report.

3. According to the figures on Appellee's pay stub, the guidelines' support amount is between $203 and $225 per week depending on whether the grids or the formula are used and whether Appellant's earning capacity is assessed at $300 or $350 per week.

4. Appellee claims this issue is moot because he has kept Appellant on his health care coverage. We remind the parties once again that only evidence of record can be considered by this court and emphasize the importance of presenting all evidence to the trial court the parties wish this court consider.