Lucretia A. THOMAS, Appellee,

v.

**Ralph THOMAS, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 2000.

Filed Sept. 22, 2000.

Colleen G. Thomas, Dundee, IL, for appellant.

Mindy J. Snyder, Langhorne, for appellee.

BEFORE: KELLY, ORIE MELVIN and TODD, JJ.

TODD, J.:

¶ 1 Ralph Thomas ("Husband") appeals from an order directing him to pay spousal support to Lucretia A. Thomas ("Wife") in the amount of $2,040 per month. Because a companion divorce action was filed in Bucks County prior to the filing of this

---

appeal, we hold that the appeal is interlocutory and must be quashed.

¶ 2 The parties' brief marriage began on May 17, 1998. At that time, Husband was a graduate student at the Princeton University School of Mathematics in pursuit of a Doctoral degree. During that time, Husband tutored students on a part-time basis and earned approximately $1,500 per month. His stated goal was to secure a university position teaching mathematics. Husband alleges that during the first six months of their marriage, Wife perpetrated such verbal indignities toward him that her actions and words constituted an absolute defense to any spousal support obligation he might have had toward her. On January 16, 1999, Husband left his studies at Princeton University and secured a consulting position paying $72,500 annually plus a signing bonus of $5,000. On March 31, 1999, the parties bought a home in Pennsylvania and, during this period, incurred nearly $47,000 in credit card debt. On May 9, 1999, Husband quit his job, left the marital residence and moved to Nevada, where he accepted a part-time teaching position at the University of Las Vegas at a monthly salary of $1,500.

¶ 3 On June 21, 1999, Wife filed a complaint for spousal support in Bucks County. On June 28, 1999, Husband filed a complaint in divorce in Nevada. On August 6, 1999, a Bucks County domestic relations officer conducted a hearing on Wife's support complaint. Husband objected to jurisdiction by mail and via counsel at the hearing, alleging that the Commonwealth of Pennsylvania no longer had personal jurisdiction over him. The domestic relations officer disagreed and on August 9, 1999 filed a recommendation, based on Husband's earning capacity, that he pay $2,040 monthly to Wife effective June 21, 1999. Arrearages were set at $260 per month.

¶ 4 Husband filed a response to Wife's petition for spousal support on September 15, 1999. On September 20, 1999, the Honorable David W. Heckler conducted a hearing and entered an order affirming the domestic relations officer's spousal support recommendation. On October 6, 1999, Wife filed a divorce complaint in Bucks County. Husband filed a Notice of Appeal of Judge Heckler's Order with this Court on October 19, 1999.

¶ 5 Husband argues that the trial court erred in a number of substantive ways that significantly impact the support calculation and Wife's entitlement thereto. However, we must first evaluate Wife's contention, as well as the trial judge's opinion, that this appeal is not properly before us.

¶ 6 It is well-recognized that a spousal support order entered during the pendency of a divorce action is not appealable until all claims connected with the divorce action are resolved. *Fennell v. Fennell*, 753 A.2d 866, 867 (Pa.Super.2000); *Deasy v. Deasy*, 730 A.2d 500, 502 (Pa.Super.1999), *appeal denied*, 562 Pa. 671, 753 A.2d 818 (2000). The rationale behind this rule is that, for purposes of judicial efficiency, in the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable distribution of marital property. *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319, 321 (1986). Thus, when all economic matters involved in a divorce are resolved, any support order can be reviewed and corrected when the court finalizes the equitable division of the property. *Fried v. Fried*, 509 Pa. 89, 96, 501 A.2d 211, 215 (1985).

¶ 7 Husband argues that because the spousal support order of September 20, 1999 was entered before the Bucks County divorce complaint was filed, it was final and appealable. We disagree. With regard to the Nevada divorce complaint filed June 28, 1999, we held in *Asin v. Asin*, 456 Pa.Super. 515, 690 A.2d 1229 (1997) that a divorce action filed in a different venue is not a "companion" action and has no impact on the appealability of a support order entered in a different county. *Id.* at 1230. In the instant case, how-

ever, Wife filed the Bucks County divorce action on October 6, 1999, 16 days after entry of the trial court's support order, but 13 days before Appellant filed a notice of appeal to this Court.

¶ 8 We find our decision in *Hasson v. Hasson*, 696 A.2d 221 (Pa.Super.1997) to be instructive on this issue. There, wife appealed from a support order alleging numerous trial court errors. Relying on our decision in *Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192, 195 (1996), Husband argued that the appeal was interlocutory because he had filed a divorce complaint a month after entry of the support order and four days after wife filed her appeal of the support order. We disagreed, but noted, however, that had the support order been entered after the divorce action was filed, the appeal would not have been properly before us and would have been quashed. *Hasson, supra,* at 222. Because no divorce action was filed until after the wife appealed the support order to this Court, the order was appealable. *Id.* In analyzing the question of appealability in *Hasson,* we stated:

> Anything filed after the date Wife filed her appeal can have no impact on our jurisdiction to hear this appeal. *Albee Homes, Inc. v. Caddie Homes, Inc.* 417 Pa. 177, 207 A.2d 768 (1965) (reviewing court must consider only the facts which were of record and before the trial court on the date the decision was rendered); *Kilian v. Allegheny Co. Distributors,* 409 Pa. 344, 185 A.2d 517 (1962)(stipulation presented to [S]upreme [C]ourt could not be considered; facts not in record of the trial court at time of appeal cannot be considered by reviewing court.) Notably, the record certified to this court contains no reference to a divorce complaint: no complaint or other pleadings appear in the record and the docket entries do not show that a complaint was filed or that any other action was taken relating to a divorce action. (footnote omitted) As we cannot consider facts which are not on the rec-

ord before us, *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981), and the record does not reveal either the filing of a divorce action or that the support order was entered during the pendency of a companion divorce action, we must review this case as a support-only matter. See *Asin v. Asin,* 456 Pa.Super. 515, 690 A.2d 1229 (1997)(divorce action filed in Cumberland County is not a "companion" to support action in Dauphin County). The order is therefore appealable.

*Id.*

¶ 9 Here, the converse factual situation exists. Although the support order was entered before the Bucks County divorce complaint was filed, Appellant did not appeal to this Court until 13 days after Wife filed the divorce complaint. In fact, in the record certified to this Court, Wife's filing of the complaint and its incorporation into the support order appear on the docket before us as of October 6, 1999, making it a "companion" divorce action. Accordingly, because the support order at issue here has been appealed before a final decree in divorce has been entered, and before all economic claims have been resolved, it is interlocutory and the appeal must be quashed.

¶ 10 Appeal quashed.

¶ 11 Judge ORIE MELVIN files Dissenting Statement.

ORIE MELVIN, J., dissenting:

¶ 1 I disagree with the Majority's conclusion the support order in question is interlocutory and unappealable. Accordingly, I dissent.

¶ 2 An appeal from a spousal support order is appealable when the record does not reflect a divorce action is pending. *Rebert v. Rebert,* 2000 PA Super 225, fn. 5, 757 A.2d 981; *Hasson v. Hasson,* 696 A.2d 221 (Pa.Super.1997). In the present case, Wife filed her petition for spousal support on June 21, 1999. The trial court entered a support order on September 20, 1999.

At the time this support order was entered, no complaint in divorce was pending in Bucks County. Therefore, I would find the support order appealable. *See Hasson, supra,* citing *Albee Homes, Inc. v. Caddie Homes, Inc.,* 417 Pa. 177, 187, 207 A.2d 768, 773 (1965) (holding reviewing court must consider only the facts which were of record and before the court as of the date the decision was rendered).

¶ 3 The Majority finds this Court is without jurisdiction to entertain this appeal from the support order since it is set in a divorce action. *See Deasy v. Deasy,* 730 A.2d 500 (Pa.Super.1999), *appeal denied,* 562 Pa. 671, 753 A.2d 818 (2000) (holding support order is interlocutory when entered during the pendency of a divorce action); *Leister v. Leister,* 453 Pa.Super. 576, 684 A.2d 192 (1996) (*en banc* ) (same); *Calibeo v. Calibeo,* 443 Pa.Super. 694, 663 A.2d 184 (1995) (same). In making this determination, the Majority reasons the divorce complaint was a companion to the support action due to "Wife's filing of the complaint and its incorporation into the support order...." Majority Opinion at 399.[1] It defies logic to suggest the October 6, 1999 divorce complaint can be incorporated into the September 20, 1999 support order when the support order was entered first and provides no language permitting the incorporation of a future pleading. Therefore, I would find the divorce complaint is not a companion to the divorce action.

¶ 4 Moreover, the result reached by the Majority impinges upon the thirty-day period allowed under the Pennsylvania Rules of Appellate Procedure in which to file an appeal. *See* Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A. Husband timely appealed from the entry of the September 20, 1999 support order on October 19, 1999. Contrary to the Majority, I find Wife's filing of a divorce complaint during that thirty-day period should have no effect whatsoever on the appealability of the support order on review here.

¶ 5 Accordingly, I dissent.

---

1. Contrary to the Majority, the trial court found Wife's divorce complaint was incorporated into the support petition. *See* Trial Court Opinion, 1/20/00, at 4.