J-S73016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GAIL F. ELLIOTT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL P. ELLIOTT | |
| Appellee | No. 69 WDA 2016 |

Appeal from the Order December 14, 2015
In the Court of Common Pleas of Clarion County
Domestic Relations at No(s): 714 CD 2013

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:         **FILED NOVEMBER 1, 2016**

Gail F. Elliott (Wife) appeals from the support order entered in the Court of Common Pleas of Clarion County.  After careful review, we reverse and remand.

The parties were married on July 14, 1990, and separated on October 20, 2012.  Two children were born of the marriage, both of whom are now adults.  On July 3, 2013, Wife filed a complaint for spousal support.[1]

On August 12, 2013, the court entered a support order determining Wife's monthly net income at $1,260.82, Husband's monthly net income at $5,260.76, and requiring Husband to pay $1,610.00/month in spousal

_____

[1] Wife had initially filed a complaint for child and spousal support on December 20, 2012.  However, she withdrew that complaint in February 2013.

support. At that time, Husband owned and operated an electrical contracting company, A&E Electric, Inc. (A&E). Attached to the August support order is a legal notice stating, in relevant part:

> Parties must within seven days inform the Domestic Relations Section (DRS) and the other parties, in writing, of any material change in circumstances relevant to the level of support . . ., including, but not limited to, loss or change of income[.] A party who willfully fails to report a material change in circumstances may be adjudged in contempt of court, and may be fined or imprisoned.[2]

Support Order (Important Legal Notice), 8/12/13, at 4. Husband acknowledged that his attorney provided him with a copy of the support order, which included this legal notice. N.T. Support Hearing, 5/14/15, at 35.

On March 9, 2015, Wife filed a petition for modification of support claiming that after a 2015 equitable distribution hearing in the parties'

---

[2] The language in the parties' support order is substantially similar to the Duty to Report statute in the Domestic Relations Code:

> **(a)** *Notice of changes affecting support.* — An individual who is a party to a support proceeding shall notify the domestic relations section, the department and the other parties in writing or by personal appearance within seven days of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to:
>
> **(1)** change of employment; and
>
> **(2)** change of personal address or change of address of any child receiving support.

23 Pa.C.S. § 4353(a).

pending divorce action, she discovered that Husband inaccurately self-reported his 2013 monthly net income from A&E at $5,260.76. She asserted that this amount was approximately $2,500.00 less than his actual monthly net income for that year. After a Master's conference held on April 13, 2015, the court entered a support order determining that Husband's monthly net income was $7,022.93, and increasing his monthly support payment to $2,332.00, effective as of the date of the modification petition.

On April 14, 2015, Wife filed a request for a hearing *de novo* seeking retroactive support arrears based on Husband's unreported increase in income. On the same day, Husband also filed a hearing request objecting to the court's calculation of his monthly net income and his legal responsibility to provide health insurance for Wife.

On May 14, 2015, a support modification hearing was held before a Master. At the hearing, Husband produced his 2013 and 2014 tax returns indicating his adjusted gross income from A&E was $117,067.00 in 2013 and $97,544.00 in 2014. N.T. Master's Hearing, at 5/14/15, 20. Husband testified that the substantial increase in income for those years was a result of "a lot of big contracts with big companies." *Id.* at 21. Husband testified, however, that by the end of 2014 "the [big companies didn't] have much work for small contractors [like A&E] and they raised their liability insurance to 7 million a year which was going to cost [too much for him to pay]." *Id.* at 23. As a result, Husband stopped bidding on jobs. *Id.* Because of the major loss of jobs for A&E, Husband had to let his employees go and look for

other work to pay his bills.  *Id.*  In March 2015, Husband started working for a new company, Comprehensive Fire Technology (Com-Tech), and also began working odd jobs on weekends and evenings.  *Id.* at 14, 23-24.  On June 26, 2015, the Master submitted his Report and Recommendation, determining that spousal support should be established at $1,170.00, based on a monthly net income for Husband of $4,142.57, without application of retroactive arrears.  On July 2, 2015, the court entered an interim support order obligating Husband to pay $1,180.00[3]/month based upon a monthly net income of $4,142.57, but not applying retroactive arrears.

On August 3, 2015, Wife filed her exceptions to the Master's Report and Recommendation.  *See* Pa.R.C.P. 1920.55-2.  On October 8, 2015, the court filed its opinion and order dismissing Wife's objections, wherein it refused to order retroactive arrears.  On December 14, 2015, the court entered its final decree in divorce and equitably distributed the parties' net marital assets as follows, 55% to Wife and the remaining 45% to Husband.

Wife filed this timely appeal on January 11, 2016,[4] in which she raises the following question for our review:

_____

[3] This amount represents $1,170.00 in support and $10 for arrears.

[4] Because Wife filed her appeal of the support order from the final decree in divorce in these companion actions, we find the appeal is properly before us and, therefore, deny Husband's motion to quash.  *See Leister v. Leister*, 684 A.2d 192 (Pa. Super. 1996) (en banc) (spousal support order entered during pendency of separately filed divorce action is not appealable until all

*(Footnote Continued Next Page)*

> Whether a spousal support obligor may be excused of payment of proper spousal support in the form of retroactive arrears when the obligor failed to report significant increases in income as required by law, the oblige[e] promptly filed a petition to modify upon learning of the increase in income and there was no evidence that supported that the effect of retroactive arrears would have created a hardship for the obligor.

Appellant's Brief, at IV.

Our Court's scope of review of a spousal support order is limited; it will reverse a trial court's order only where it cannot be sustained on any valid ground. *Diament v. Diament*, 816 A.2d 256, 264 (Pa. Super. 2003).[5] This Court will not interfere with the broad discretion afforded the trial court, absent an abuse of discretion or insufficient evidence to sustain the support order. *Id.* An abuse of discretion exists where the trial court has overridden or misapplied the law. *Id.* Although the trial court should give great weight to the conclusions of the master, the Superior Court is limited to a review of the trial court's decisions, not those of the master. *Id.*

*(Footnote Continued)* ─────────────────

claims connected with divorce action resolved); *see also Thomas v. Thomas*, 760 A.2d 397 (Pa. Super. 2000) (where record did not reveal either filing of divorce action or that support order was entered during pendency of companion divorce action, order is appealable); *Asin v. Asin*, 690 A.2d 1229 (Pa. Super. 1997) (divorce action filed in different venue is not "companion" action and has no impact on appealability of support order entered in different county).

[5] The 2005 amendments to Pa.R.C.P. 1910.16-4 "supersedes *Diament*[, *supra*], to the extent that it held that the tax savings from payments for the benefit of a spouse alone or from an unallocated order for the benefit of a spouse and child must be considered in determining the obligor's available net income for support purposes." *See* Note, Pa.R.C.P. 1910.16-4. However, Rule 1910.16-4 (support formula) is not relevant to this appeal.

Wife claims that the trial court erred in not awarding her retroactive support based on Husband's misrepresentation of his 2013-2014 gross income. Wife claims that Husband continued to enjoy this unreported income throughout 2013 and 2014 and that it was his statutory duty to report the increase in income.

Pursuant to Pa.R.C.P. 1910.19:

(a) A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based. A new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances. The existence of additional income, income sources or assets identified through automated methods or otherwise may also constitute a material and substantial change in circumstances.

* * *

(c) Pursuant to a petition for modification, the trier of fact may modify or terminate the existing support order in any appropriate manner based upon the evidence presented without regard to which party filed the petition for modification. If the trier of fact finds that there has been a material and substantial change in circumstances, the order may be increased or decreased depending upon the respective incomes of the parties, consistent with the support guidelines and existing law[.]

Pa.R.C.P. 1910.19(a), (c).

In **Brickus v. Dent**, 5 A.3d 1281 (Pa. Super. 2010), our Court noted that:

[M]odification of a support order is to be **retroactive to the date when modification initially was sought** unless the court sets forth reasons for failing to do so on the record. In fact, failure to make an award retroactive is reversible error unless specific and appropriate justification for such a ruling is shown.

- 6 -

*Id.* at 1286-87 (emphasis added). However, where arrears are at issue, section 4352[6] of the Domestic Relations Code permits retroactive application of support to a date earlier than the filing of the modification petition if "**the petitioner was precluded from filing a petition for modification by reason of** a significant physical or mental disability, **misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition**."[7] 23 Pa.C.S. § 4352(e) (emphasis added).

_____

[6] The entirety of section 4352(e) reads:

> (e) Retroactive modification of arrears. — No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

23 Pa.C.S. § 4352(e).

[7] Husband does not contest that Wife promptly filed her modification petition the day after she became aware of Husband's unreported increase in income at the parties' 2015 equitable distribution hearing in their divorce action.

Instantly, the trial court refused to retroactively modify support due to the parties' current financial situation and because Husband neither *intentionally* misrepresented his increased income in an attempt to avoid an increase in his support obligation, nor purposely ran his business into the ground. Trial Court Opinion, 10/8/15, at 2-3. The court also found that if it were to order retroactive arrears, Husband would suffer a significant hardship due to the recent demise of his business and, consequently, the decrease in his earning potential. *Id.* at 2.

At the support hearing, Husband testified that he did not become aware of his actual gross income in a given year until his accountant provided him the relevant income tax return. N.T. Support Hearing, 5/14/15, at 21-22, 34. While the court concludes that an individual must *intentionally* misrepresent his income in order to be subject to retroactive arrears, we do not read such an intent requirement into the legal notice attached to the parties' support orders or the substantially similar language of section 4353(a)'s duty to report. **Compare** 23 Pa.C.S. § 4353(a) ("individual who is a party to a support proceeding *shall* notify the domestic relations section, the department and the other parties in writing . . . within seven days of any material change in circumstances relevant to the level of support[.]") **with** 23 Pa.C.S. 4353(b) ("*Willful failure to comply* with this section may be adjudged in contempt of court pursuant to section 4345 (relating to contempt for noncompliance with support order[.]")).

The testimony from the support hearing shows that Husband's gross income substantially increased from 2012 to 2013, in the amount of roughly $82,000. Moreover, Husband's gross income continued to be significantly greater than his 2012 gross income for the majority of 2014. Therefore, Husband was required to report his material change in income to the Domestic Relations Section. **See** 23 Pa.C.S. § 4352(a) ("petition for modification of a support order may be filed at any time and shall be granted if the requesting party demonstrates *a substantial change in circumstances*."); 23 Pa.C.S. § 4353(a) (Duty to Report); Support Order (Important Legal Notice), 8/12/13, at 4.

In **Krebs v. Krebs**, 944 A.2d 768 (Pa. Super. 2008), our Court determined that Husband "had an affirmative duty [under Section 4353(a)] to notify [Wife] and [the] D[omestic] R[elations'] O[ffice] that his income increased each year as reflected on his W-2 statements." **Id.** at 776. The court concluded that Husband had knowledge of his duty under section 4253 to report the increased income and that because he failed to inform Wife and the DRO of the increase, "compelling reasons existed for the retroactive modification" of support. **Id.** On appeal, our Court determined that the trial court should make Husband's support obligation retroactive to the date when he first failed to report his significantly increased income.

Likewise, we find that because Husband was on notice that he was required to report any material change in circumstances to the DRS, and failed to uphold this legal duty, the trial court had a compelling reason for

- 9 -

the retroactive modification of support.  **Krebs**, **supra**.  Therefore, we instruct the trial court, upon remand, to determine when Husband first failed to report his significantly increased 2013-2014 income from A&E and make his arrears payments retroactive to that date.  **Id.**; 23 Pa.C.S. § 4352(e).

Because the court misapplied the law regarding the imposition of retroactive arrears, we must reverse and remand.  **Diament**, **supra**.

Order reversed.  Case remanded.  Jurisdiction relinquished.[8]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016

_____

[8] Although the testimony from the support hearing shows that Husband's business, A&E, substantially declined at the end of 2014, that has no bearing on the determination of whether Husband failed to report his 2013-2014 increased income and whether Wife is entitled to retroactive arrears.