J-S39034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.S.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.C.B. | : | |
| | : | |
| Appellant | : | No. 1464 MDA 2017 |

Appeal from the Order Entered August 23, 2017
in the Court of Common Pleas of Cumberland County,
Civil Division at No(s): 2016-01738

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 14, 2018**

S.C.B. ("Wife") appeals from the trial court's child and spousal support Order, which adopted the Report and Recommendation of the Support Master (hereinafter, "the Master") and dismissed Wife's exceptions thereto. J.S.B. ("Husband") has filed an Application to Quash the appeal. We quash in part and affirm in part.

The trial court summarized the factual and procedural history as follows:

The parties were married on October 12, 2013. They have one child together [("Child"),] who was born [in] August [] 2014. After [spending] time in marital counseling, the parties separated in the wake of an argument that occurred at their home on February 4, 2016. … [] [T]he parties ceased cohabitating as of February 8[, 2016]. Wife continued to reside in the marital home, which she had purchased prior to the parties' marriage, and retained primary custody of [Child].

Wife filed a [C]omplaint seeking child support on August 4, 2016. One week later, Husband filed a [C]omplaint seeking spousal support[,] and requested a hearing on alimony *pendente lite* [("APL")]. [Following a hearing before a conference officer with the Cumberland County Domestic Relations Office, the

conference officer entered an "Interim Order" dated September 16, 2016 (hereinafter "the Interim Order"). Therein, the conference officer set Wife's monthly spousal support obligation to Husband as $827.14, and set Husband's monthly child support obligation to Wife as $927.22, for a net obligation [of] $100.08 per month from Husband to Wife. The conference officer rounded this figure to $100 per month.] Wife was unsatisfied with the conference officer's determination, and requested a *de novo* hearing before the [] Master. [At the November 21, 2016 hearing (hereinafter "the Master's hearing"),] Wife appeared *pro se*[,] and argued that Husband was not entitled to spousal support[,] and was ineligible for APL[,] because he could not demonstrate "need." [By a Report and Recommendation entered on December 30, 2016,] [t]he [] Master adopted the conference officer's calculations [in the Interim Order] and determined a net obligation of $100 per month from Husband to Wife. Wife filed [E]xceptions to the [] Master's Report and Recommendation.

Trial Court Opinion and Order, 8/23/17, at 3-4 (footnotes, citation to record, and some paragraph breaks omitted). Importantly to the instant appeal, the divorce action between the parties is pending, and their economic claims have not yet been resolved.

By Opinion and Order dated August 23, 2017 (hereinafter, the "Order on appeal"), the trial court dismissed Wife's Exceptions and adopted the Master's Report and Recommendation. Wife timely filed a Notice of Appeal. She thereafter filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal, followed by a Supplemental Concise Statement.

On November 29, 2017, this Court issued a Rule to Show Cause why Wife's appeal should not be quashed as having been taken from an Order that is interlocutory and non-appealable. Specifically, we stated, in relevant part, as follows:

> It appears that a divorce decree has not yet been entered below. A spousal support order entered during the pendency of a divorce action is not appealable until all claims connected to the divorce action are resolved. **Leister v. Leister**, 684 A.2d 192 (Pa. Super. 1996) [(*en banc*) (holding that spousal support/APL orders, when entered during the pendency of a divorce action, are interlocutory and unappealable, even if entered pursuant to a separately-filed complaint for support)]; [*accord*] **Thomas v. Thomas**, 760 A.2d 397 (Pa. Super. 2000); **Shellhamer v. Shellhamer**, 688 A.2d 1219 (Pa. Super. 1997); **see also** Pa.R.A.P. 341(b)(1) ([providing that] a final order is any order that disposes of all claims and all parties). To the extent the trial court's decision addressed spousal support, it appears the [O]rder [on appeal] may not be immediately appealable.

Order, 11/29/17 (paragraph break omitted).

Wife filed a timely Response to the Rule to Show Cause. Therein, she argued that the Order on appeal is an *unallocated* Order awarding spousal support and child support, and therefore, is immediately appealable as to all claims covered in the Order on appeal.[1] This Court thereafter entered an Order discharging the Rule to Show Cause, referring a determination as to the finality of the Order on appeal to the merits panel.

On January 27, 2018, Husband filed an Application to Quash Wife's appeal. Therein, he asserted, in relevant part, as follows:

> 30. In the instant case, the [Interim] Order of September 16, 2016[,] is in fact, allocated. The Order clearly provides a calculation for spousal support and [a] separate calculation for

---

[1] In support, Wife cited Pennsylvania Rule of Civil Procedure 1910.16, which provides, in relevant part, that "[a]n unallocated order in favor of the spouse and one or more children shall be a final order as to all claims covered in the order." *Pa.R.C.P.* 1910.16(b); **see also** Pa.R.C.P. 1920.56 (setting forth the same language in the context of allocation of "an order awarding child support combined with spousal support, alimony *pendente lite* or both[.]").

child support, clearly delineating between the two support obligations.

31. The [Interim] Order … distinctly discusses an offset of Husband's child support obligation owed to Wife[,] as a result of Wife's spousal support obligation owed to Husband, based upon when a custodial parent owes spousal support, pursuant to Pa.R.C.P. 1910.16-4(e).

32. The [Interim] Order … is allocated[,] as indicated in the title of the Order, which is not a misnomer based upon the contents of the Order. The spousal support and child support obligations are clearly allocated. This appeal is based on an interlocutory order that is not appealable.

Application to Quash, 1/27/18, ¶¶ 30-32 (some capitalization omitted).

Additionally, Husband requested this Court to order Wife to pay his attorneys' fees, asserting that she initiated the appeal in bad faith. *Id.* ¶¶ 33-38. The *per curiam* Court deferred ruling on the Application to Quash to this panel.

Wife now presents the following issues for our review:

1. Did the lower court err when it awarded spousal support[,] when the actual issue in these proceedings[,] as framed by [Wife,] was whether [Husband] needed APL?

2. Did the lower court err by refusing to credit [Wife] for increased health insurance expenses?

3. Did the lower court err by failing to allocate [Husband's] child support obligation and [Wife's] support obligation, thus depriving [Wife] of an otherwise applicable tax deduction?

4. Did the lower court err by not granting an upward deviation in [Husband's] child support obligation since[,] at the time of the award, he spent less than thirty percent of the custodial time with [] [C]hild?

Brief for Wife at 3.

First, we must address Husband's Motion to Quash. Wife's appeal implicates the parties' respective spousal/APL and child support obligations under the Order on appeal. Because a divorce decree has not yet been entered, the spousal support/APL portion of the Order on appeal is interlocutory and not appealable. **See Leister**, **supra**. However, this Court has held that during the pendency of a divorce action, "the portion of a trial court order attributable to child support is final and immediately appealable[.]" **Capuano v. Capuano**, 823 A.2d 995, 998 (Pa. Super. 2003).

Thus, we grant Husband's Motion to Quash in part, and deny in part.[2] Specifically, we quash the appeal pertaining to spousal support/APL (*i.e.*, raised in Wife's first and third issues[3]), and proceed to the merits of this appeal insofar as it relates to child support.

Our standard of review is as follows:

Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The

---

[2] We deny Husband's request for attorneys' fees.

[3] Though Wife's third issue references child support, the primary thrust of this issue does not concern the support of Child or Husband's support obligation. Nevertheless, the record belies Wife's claim in connection with this issue, as Wife's monthly spousal support obligation to Husband was, in fact, allocated at $827.14, and set Husband's monthly child support obligation to Wife was allocated at $927.22.

- 5 -

> principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

*J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa. Super. 2015) (citation and brackets omitted). Moreover, "[a] master's report and recommendation are to be given the fullest consideration, especially on the issue of the credibility of witnesses." *Kraisinger v. Kraisinger*, 928 A.2d 333, 344 (Pa. Super. 2007) (citation omitted).

In her second issue, Wife contends that the trial court erred when it failed to credit her, in calculating the amount of Husband's child support obligation, for Wife's increased health insurance expenses, which she expends on behalf of Child. Brief for Wife at 9. Wife points out the Master's statement at the Master's hearing concerning these expenses: "[W]e will leave open for the record that there [*sic*] may be a change in [Wife's health insurance expenses] effective January 1, 2017. So we can certainly introduce evidence to that effect." *Id.* (quoting N.T., 11/21/16, at 5). According to Wife, following this statement, she presented evidence to the Master that her health insurance expenses for the 2017 year increased by $80 per month. Brief for Wife at 9. Therefore, Wife urges, remand is warranted so that she can be credited for these increased expenses. *Id.*

In its Opinion, the trial court addressed Wife's claim as follows:

The parties were in agreement about the insurance costs for 2016. N.T.[, 11/21/16,] at 5. The [] Master anticipated Wife's concern about increased costs and allowed the record to remain open for introduction of evidence to that effect. *Id.* However, Wife did not then introduce this evidence [(hereinafter "insurance cost evidence")] and did not testify further on her cost of insurance.

> Thus, any information about increased costs would have been unavailable to the Master as he made his calculations. Therefore, we find that the Master's determination of Wife's health insurance costs was supported by the record.

Trial Court Opinion and Order, 8/23/17, at 8. We agree with the trial court's rationale and determination, which is supported by the record, and therefore affirm on this basis in rejecting this issue, **see id.**, with the following addendum.

Wife asserts that the trial court's finding that she did not present to the Master insurance cost evidence is incorrect. Brief for Wife at 9. In support, she cites to a *pro se* document, contained in the reproduced record, entitled "Brief in Support of Mother's Demand for Hearing *De Novo*, which she alleges she "provided … on December 6, 2017[,]" that included insurance cost evidence. **Id.** (citing Reproduced Record at 4-19). However, this document is not contained in the certified record, and there is no indication on the trial court's docket that Wife properly filed this document. Accordingly, we cannot consider it on appeal. **See Keystone Tech. Grp., Inc. v. Kerr Grp., Inc.**, 824 A.2d 1223, 1228 n.6 (Pa. Super. 2003) (stating that "[i]t is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist.").

In her fourth issue, Wife argues that the trial court erred in failing to apply an upward deviation concerning Husband's child support obligation,

given that he spent less than 30% of the custodial time with Child.   Brief for Wife at 11.

Before addressing the merits of this claim, we must determine whether Wife preserved it for our review.  Generally, "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a); *see also Twilla v. Twilla*, 664 A.2d 1020, 1027 (Pa. Super. 1995) (finding an issue waived in an equitable distribution matter where the appellant/wife failed to raise it before the trial court in her exceptions to the master's report).   Likewise, Pa.R.C.P. 1920.55-2, governing exceptions to masters' reports, provides, in relevant part, that "[m]atters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters."  Pa.R.C.P. 1920.55-2(b). Accordingly, Wife has waived this issue.[4]  However, even if this issue was not waived, we would determine that it does not entitle Wife to relief for the following reasons.

Wife points out that the Explanatory Comment to Pennsylvania Rule of Civil Procedure 1910.16-4 (governing calculation of support obligations) states, in relevant part, as follows:

---

[4] Further, the fact that Wife raised this issue in her Supplemental Rule 1925(b) Concise Statement, and the trial court briefly addressed it in its Supplemental Rule 1925(a) Opinion, does not preserve the claim for appellate review, in the absence of Wife having earlier raised it before the trial court.  *See*, *e.g.*, *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (holding that "a 1925(b) statement can [] never be used to raise a claim in the first instance.").

The basic support schedule incorporates an assumption that the children spend 30% of the time with the obligor and that the obligor makes direct expenditures on their behalf during that time. Variable expenditures, such as food and entertainment that fluctuate based upon parenting time, were adjusted in the schedule to build in the assumption of 30% parenting time. *Upward deviation should be considered in cases in which the obligor has little or no contact with the children.* However, upward deviation may not be appropriate where an obligor has infrequent overnight contact with the child, but provides meals and entertainment during daytime contact.

Pa.R.C.P. 1910.16-4, cmt. (2010) (emphasis added) (hereinafter referred to as "the 2010 comment"). Wife maintains that here, Husband exercised only approximately 7% of the custodial time, and "there was no evidence that he provided any … additional support for [] [C]hild." Brief for Wife at 11, 12 (emphasis omitted)). Thus, Wife contends, "the straight child support calculations should not have been applicable, as [Husband] did not meet the 30% threshold." *Id.* at 11-12.

Our Rules of Civil Procedure provide for a downward deviation in child support obligations if the obligor exercises custody of the children over 40% of the time. *See* Pa.R.C.P. 1910.16-4(c)(1); *see also* Pa.R.C.P. 1910.16-5(b) (delineating the factors that a trial court should consider in deciding whether to deviate from the amount of support determined by the guidelines). Notably, however, the Rules do not explicitly provide for an upward deviation if an obligor were to exercise less custody. The 2010 comment states only that a court should consider upward deviation in cases in which an obligor has "little or no contact with the children." Pa.R.C.P. 1910.16-4, cmt. (2010).

- 9 -

In the instant case, Husband's contact with Child is more than the "little or no contact" contemplated by the 2010 comment. ***See Morgan v. Morgan***, 99 A.3d 554, 560 (Pa. Super. 2014) (holding that the trial court did not abuse its discretion in denying a mother's request, pursuant to the 2010 comment, for an upward deviation concerning the father's child support where father exercised less than 5% of the custodial time, and emphasizing that the 2010 comment "only suggests that upward deviation be considered; it does not require it.").

Accordingly, even if this issue was not waived, we discern no abuse of the trial court's discretion in determining that an upward deviation of Husband's child support obligation was unwarranted under the circumstances.

Order affirmed in part; appeal quashed in part. Motion to Quash granted in part, and denied in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/14/2018

- 10 -