**Brennan R. DEASY, Appellee,**

v.

**Lisa J. DEASY, Appellant.**

**Brennan R. Deasy, Appellant,**

v.

**Lisa J. Deasy, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1998.

Filed April 15, 1999.

Reargument Denied June 22, 1999.

Sandra MacPherson, Verona, for Lisa J. Deasy.

John J. Dean, Pittsburgh, for Brennan R. Deasy.

Before CAVANAUGH, ORIE MELVIN, and BROSKY, JJ.

ORIE MELVIN, J.:

¶ 1 Lisa Deasy (Mother) appeals and Brennan Deasy (Father) cross appeals from an Order granting in part Father's exceptions to a hearing officer's recommendation to enforce a separation agreement. Because the Order is interlocutory and non-appealable, we quash Mother's appeal and Father's cross-appeal.

¶ 2 The facts and procedural history may be summarized as follows. Mother and Father were married on May 23, 1987 and are the parents of two minor children.[1] The parties separated in February 1997. On March 2, 1997 both parties signed a separation agreement which was prepared by Mother's attorney. Father was not represented by counsel at this time. The separation agreement provided that by entering into this agreement, the parties wished to bypass Mother's filing of a formal complaint in support. The second paragraph of page two of the agreement provided Mother would receive as child support an amount equivalent to 80% of Father's net income which at that time

was $4,578.00 per month making his child support obligation $850.00 per week. The separation agreement was silent as to whether the obligations set forth would merge into a subsequent divorce decree. In addition, the separation agreement contained no provisions regarding the duration Father was obligated to pay 80% of his net income in child support. Father filed a complaint in divorce on May 5, 1997 setting forth claims of equitable distribution and partial custody of the children. To date, no divorce decree has been entered.

¶ 3 Father made full payments under the separation agreement until July 1997 when he reduced the payments to $450.00 per week. On July 10, 1997 Father filed a motion to void the separation agreement as unconscionable and confiscatory or to modify the agreement. At the same time, Mother filed a motion for rule to show cause why the separation agreement should not be enforced.[2] After a hearing, the hearing officer recommended the trial court grant Mother's motion and enforce the agreement. The hearing officer also recommended that judgment for arrearages be entered and that wage attachment issue to Father's employer. This recommendation was translated into a temporary child support Order. Father filed exceptions and a hearing on the exceptions took place on December 19, 1997.

¶ 4 By Order dated January 15, 1998 the trial court granted Father's exceptions in part. The trial court determined that the separation agreement was enforceable but because it contained no provision as to its duration was terminable at will by either party. Accordingly, the trial court found that as of July 10, 1997, the date of the presentation of Father's motion to void the separation agreement as unconscionable and confiscatory or to modify the agreement, the separation agreement was termi-

---

1. At the time of the proceedings in the trial court, the minor children were ages four and one.

2. We note Mother did not seek to enforce the separation agreement by filing a breach of

contract action in equity or at law. *Patterson v. Robbins*, 703 A.2d 1049 (Pa.Super.1997).

nated. The trial court also found Father was required to make child support payments pursuant to the terms of the separation agreement until July 10, 1997. Finally, the trial court ordered the case be remanded to a hearing officer to set a child support order under the support guidelines retroactive to July 10, 1997. The hearing was held February 10, 1998. On February 13, 1998 Mother filed a notice of appeal from the trial court's January 15, 1998 Order.[3] On that same date, the hearing officer entered an Order under the support guidelines recommending Father pay $1,120.00 per month for support of the two children retroactive to July 10, 1997. Neither Mother nor Father filed exceptions from the February 13, 1998 Order.

¶ 5 At the outset, we recognize parties' agreements pertaining to matters of child support or child custody are always subject to court intervention. *Thomson v. Rose*, 698 A.2d 1321, 1324 (Pa.Super.1997), *appeal denied*, 552 Pa. 697, 716 A.2d 1249 (1998). In the present case, Father's filing of his complaint in divorce gave the trial court jurisdiction over all matters involving divorce, equitable distribution and custody. 23 Pa.C.S.A. § 3104(a)(1) and (3). The jurisdiction of the trial court continued when Father filed his motion to void and/or modify the separation agreement, and Mother filed her motion for rule to show cause why the separation agreement should not be enforced. Therefore, the trial court had the authority to treat these motions as a claim for support or resolution of a separation agreement. The trial court also had the right to review the separation agreement and modify it upon a showing of changed circumstances pursuant to 23 Pa.C.S.A. § 3105(b) which provides:

§ 3105. **Effect of agreement between parties**

. . .

**(b) Certain provisions subject to modification.**—A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

23 Pa.C.S.A § 3105(b).

¶ 6 Although the trial court clearly had jurisdiction over the domestic relations proceedings, there remains a question as to whether we may exercise jurisdiction over this appeal. Mother claims that the instant Order is final and appealable because it put her out of court as to her contractual rights under the separation agreement. Father claims that the Order in question is a non-appealable interlocutory Order. He argues that Mother's proper course of action was to file exceptions to the hearing officer's February 13, 1998 recommendation, have that issue decided, and then appeal the appropriate order to the Superior Court.

¶ 7 It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *Robec Inc. v. Poul*, 452 Pa.Super. 264, 681 A.2d 809 (1996); 42 Pa.C.S.A. § 742. A final order is (1) any order that disposes of all claims or of all parties, (2) any order that is expressly defined as a final order by statute, or (3) any order entered as a final order pursuant to subsection (c) of Pa. R.A.P. 341. *Redevelopment Authority of Cambria v. International Insurance Co.*, 454 Pa.Super. 374, 685 A.2d 581 (1996), *appeal denied*, 548 Pa. 649, 695 A.2d 787 (1997); 42 Pa.R.A.P. 341.

¶ 8 A spousal support order entered during the pendency of a divorce action is not appealable until all claims connected with the divorce action are resolved. *Shellhamer v. Shellhamer*, 455 Pa.Super. 526, 688 A.2d 1219, 1222 (1997) (citing *Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192, 195 (1996) (*en banc*)). Unlike spousal support, child support orders require immediate review "to protect the interest of the child, to avoid hardship and to assure uninterrupted maintenance

---

**3.** Father subsequently filed a notice of appeal from the trial court's January 15, 1998 Order.

by its parents." *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319, 322 (1986); *Griffin v. Griffin*, 384 Pa.Super. 210, 558 A.2d 86, 90–91 (1989).

¶ 9 However, in this case we are not presented with a final order disposing of all claims as related to an award of child support. Instead, the January 15, 1998 Order granted in part Father's exceptions to the hearing officer's recommendation to enforce the separation agreement and remanded the case for a hearing before a hearing officer to determine an award of child support under the support guidelines. Because the January 15, 1998 Order did not resolve all issues related to an award of child support we conclude this appeal does not lie from a final order. Moreover, in reviewing the remaining elements necessary to establish whether an order is final we find there is no statutory provision that defines it as a final order and nothing in the record to establish that it was entered as a final order pursuant to Rule 341(c). Therefore, the Order is interlocutory.

¶ 10 Interlocutory appeals are only subject to appellate review in limited circumstances. An interlocutory appeal may be taken as of right (Pa.R.A.P.311), by permission (Pa.R.A.P.313), or from a collateral order (Pa.R.A.P.313). *Miller v. Steinbach*, 452 Pa.Super. 194, 681 A.2d 775, 777 (1996). We find that the instant Order does not fall within these classes of interlocutory orders. Furthermore, the parties have not sought review under one of the above alternatives by which an interlocutory order may be subject to appellate review.

¶ 11 Because we find the Order at issue is interlocutory, we need not address the issues raised by the parties in this appeal. We therefore quash Mother's appeal and Father's cross-appeal.