J-A07003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.C.P. | : | No. 3386 EDA 2018 |

Appeal from the Order Entered October 12, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2010-33309

BEFORE: OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED APRIL 02, 2019**

Appellant, N.P. (hereinafter "Mother"), appeals from the order entered on October 12, 2018, which denied her exceptions to a temporary order of child support. We quash this appeal.

Mother and K.C.P. (hereinafter "Father") married in 1999 and separated in April 2011. The parties have two children together: K.K.P. (born in 1999) and J.N.P. (born in 2006). On October 11, 2013, Father was ordered to pay $296.26 per month in support for his two children. Trial Court Order, 10/11/13, at 1. This order "was administratively changed, per order, on August 17, 2017, from two children to 'one child only,' due to the emancipation of the oldest child." Trial Court Opinion, 11/30/18, at 1.

On April 30, 2018, Father filed a *pro se* petition for modification of the child support order. Father's petition requested the following relief:

_____
* Former Justice specially assigned to the Superior Court.

Please decrease or terminate order based on prolonged homelessness I can not continue to survive and pay support.

Father's Petition for Modification, 4/30/18, at 2.

On June 19, 2018, the parties appeared for a hearing on Father's modification petition. On June 27, 2018, the hearing officer entered the following interim order:

## ORDER

[Father] filed a petition to modify on April 30, 2018.

Father participated by telephone.

It is hereby ordered that [Father's] financial obligation is set to a numerical value of zero effective April 30, 2018 because [Father] is unable to pay, has no known income or assets and there is no reasonable prospect that [Father] will be able to pay in the foreseeable future. Arrears are remitted without prejudice.

Either parent is to provide medical insurance coverage if and when available at a reasonable cost. The parent who obtains medical coverage at a reasonable cost is to enroll the child(ren) in the coverage and provide a copy of the insurance card to the Domestic Relations Section. [Father] is to pay $0 per month in cash medical support.

The financial obligation is to be reviewed for further modification upon [Father] attaining employment income, or assets that are available to pay support. [Father] is ordered to immediately report to the Domestic Relations Section any changes in [his] employment, income or assets. If incarcerated, [Father] must report to the Domestic Relations Section within one week of release from incarceration for further determination of ability to pay support.

If it is determined that [Father] has committed fraud or otherwise materially misrepresented [his] income or arrears, and/or if [Father] fails to comply with any provision of this order, the prior order and arrears may be reinstated.

Review in [Domestic Relations Office] in 90 days. Father to provide signed updated Physician's Verification Form and status of Social Security claim.

Hearing Officer Interim Order, 6/27/18, at 1 (some capitalization omitted).

Mother filed timely exceptions to the hearing officer's interim order and the trial court scheduled an October 11, 2018 oral argument on the exceptions. *See* Mother's Exceptions, 7/16/18, at 1-2; Trial Court Order, 7/25/18, at 1-2. On October 12, 2018, the trial court entered the following memorandum and order:

### MEMORANDUM AND ORDER

A review of the notes of testimony shows that the recommendation and order of the hearing officer is appropriate.

As part of that order, the hearing officer ordered a "review in [the Domestic Relations Office] in 90 days." Further, the hearing officer ordered "[F]ather to provide signed updated Physician Verification Form."

The [trial] court will address the above in the order it enters this date.

### ORDER

**AND NOW**, this 12th day of October, 2018, after a review of the record, the notes of testimony, [Mother's] brief, and oral argument by [Mother's] counsel, [Father] not filing a brief or appearing at oral argument, the following is ORDERED:

1. [Mother's] exceptions are DENIED.

2. Domestic Relations Office is directed to forthwith conduct the review conference as ordered by the hearing officer's order, the 90 day period having passed.

3. [Father] has complied with the hearing officer's order by sending to [the Domestic Relations Office] an updated Physician Verification Form signed by [Father's] California treating physician on October 2, 2018, which form is in the [Domestic Relations Office] file and a copy of which the [trial court] gave to [Mother's] counsel at the October 11, 2018 oral argument.

4. When [Father's] spousal support complaint and [Mother's] alimony *pendente lite* claim, contained within [Mother's] recently filed divorce complaint, having together been certified as "complex," are ready to be scheduled for a hearing before a support officer, it shall be scheduled before Support Hearing Officer[] Mindy A. Harris, Esquire, in that she has recently held a hearing on child support, the topic of these exceptions, and is familiar with this family.

Trial Court Order, 10/12/18, at 1-2 (some capitalization omitted).

On November 8, 2018, Mother filed a notice of appeal from the trial court's October 12, 2018 order. We now quash this appeal.

As we have explained, this Court is obligated to "first ascertain whether the [order appealed from] is properly appealable, because the question of appealability implicates the jurisdiction of this [C]ourt." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). "The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." ***Commonwealth v. Sartin***, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

We have held that, in the context of a child support award, the final, appealable order is the one that "dispos[es] of all claims as related to [the]

- 4 -

award of child support." **Deasy v. Deasy**, 730 A.2d 500, 502-503 (Pa. Super. 1999). In the case at bar, however, the trial court's October 12, 2018 order **did not** "dispos[e] of all claims as related to [the] award of child support." **See id.** As such, the order is interlocutory and unappealable.

Here, although the hearing officer's June 27, 2018 interim order granted Father's modification petition and set Father's child support obligation to zero dollars, the interim order specifically declared that Father's child support obligation must be reviewed, in the Domestic Relations Office, in 90 days. Hearing Officer Interim Order, 6/27/18, at 1. The order further provided that Father must "provide signed updated Physician's Verification Form and status of Social Security claim" at or before the office conference. **Id.** The trial court's October 12, 2018 order expressly incorporated the above provisions, declaring: "Domestic Relations Office is directed to forthwith conduct the review conference as ordered by the hearing officer's order, the 90 day period having passed." Trial Court Order, 10/12/18, at 1.

Thus, in essence, the hearing officer and trial court **continued** the proceedings on Father's child support modification petition for 90 days and sent the case back to the conference officer, to hold an office conference and, there, consider Father's "updated Physician's Verification Form and status of Social Security claim."[1] Further, following the office conference, the case will,

---

[1] Mother's claims on appeal highlight the fact that the trial court's October 12, 2018 order is interlocutory. Mother complains on appeal that the trial court

- 5 -

again, proceed in accordance with Pennsylvania Rule of Civil Procedure 1910.12.[2]  **See** Pa.R.C.P. 1910.12 ("Office Conference. Hearing. Record. Exceptions. Order").

The trial court's October 12, 2018 order explicitly contemplates that there will be further proceedings on Father's modification petition.  Therefore, the order is not final.  **See also West v. West**, 446 A.2d 1342, (Pa. Super. 1982) ("'interim order' compelling [the husband] to pay [the wife] '$180 per week for support and maintenance until further order'" was not a final, appealable order because it "invite[d the husband] back into court") (some internal capitalization and corrections omitted).

_____

"erred in denying [Mother's] exceptions since the hearing officer **erred in relying on an unsigned Physician Verification Form**."  Mother's Brief at 9 (emphasis added) (some capitalization omitted).  Regardless of whether the hearing officer, in fact, relied upon Father's unsigned Physician Verification Form in fashioning its interim order, one of the primary reasons the hearing officer and trial court ordered the proceedings continued was so that Father could "**provide [a] signed updated Physician's Verification Form**" at the office conference.  Hearing Officer Interim Order, 6/27/18, at 1 (emphasis added); **see also** Trial Court Order, 10/12/18, at 1-2; Trial Court Opinion, 11/30/18, at 6 (the trial court declared that its October 12, 2018 order was "temporary in nature, in that by its very terms it is to be DRO reviewed within 90 days to receive updated information").

[2] In accordance with Pennsylvania Rule of Civil Procedure 1910.10, Montgomery County has "certified to the Domestic Relations Procedural Rules Committee that support proceedings are conducted in accordance with" Rule 1910.12.  Supreme Court of Pennsylvania Domestic Relations Procedural Rules Committee, Judicial District Alternate Hearing Procedures, at 2 (found at http://www.pacourts.us/assets/files/setting-5190/file-5591.pdf?cb=50cd2e).

Further, while interlocutory orders are appealable in certain circumstances, none of those circumstances apply to the case at bar. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, the challenged order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Mother did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312), and Mother has not provided this Court with any argument as to whether – or how – the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313).[3] Thus, since we do not have

_____

[3] The trial court's Rule 1925(a) opinion declared that its October 12, 2018 order was "temporary in nature, in that by its very terms it is to be DRO reviewed within 90 days to receive updated information." Trial Court Opinion, 11/30/18, at 6. The trial court, therefore, recommended that we quash Mother's current appeal. *Id.* We note that Mother did not address the trial court's appealability concerns within her brief and Mother did not explain how the October 12, 2018 order could be considered final. *See* Mother's Brief at 1-21. In view of these circumstances, we distinguish this case from prior decisions such as *Hrinkevich v. Hrinkevich*, 676 A.2d 237 (Pa. Super. 1996). In *Hrinkevich*, the order under review designated specific obligations payable by husband as child support and spousal support. We held that we

- 7 -

jurisdiction over this appeal, we are required to quash the appeal.  *See* 42 Pa.C.S.A. § 742.

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/19

_____

enjoyed jurisdiction to review the portions of the order dealing with child support, notwithstanding the pending nature of certain matters pertaining to equitable distribution. *Id.* at 239.  We distinguished child support obligations from spousal support obligations in light of then-recent amendments to our procedural rules, which permitted immediate review of child support orders despite ongoing litigation concerning economic matters. *Id.*  The instant case involves an entirely different jurisdictional hurdle.  It is not the pending nature of a divorce decree or other economic matters that bars review in this case.  Instead, the order from which appeal has been taken expressly provides that it is temporary in nature and subject to further review.  Hence, the order is not final and appealable because it does not resolve the parties' child support claims, which are central to Mother's objections.