J-A14006-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| M.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| F.W.A. | : | |
| | : | |
| Appellant | : | No. 762 WDA 2019 |

Appeal from the Order Entered May 1, 2019
In the Court of Common Pleas of Washington County Domestic Relations
at No(s):  No. 361 DR 2008,
PASCES No. 100109958

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                FILED OCTOBER 28, 2020

This appeal by F.W.A. ("Father") is from a May 1, 2019 order of support for the parties' three children.  We affirm.

Appellee, M.A., also known as M.M. ("Mother"), and Father married in 2003, separated in 2008, and divorced in December of 2009.  N.T., 2/20/18, at 6–7.  Three children were born of the marriage: A.A., presently age eighteen, R.A., presently age fifteen, and T.A., presently age fourteen.  Id. at 5–6.

The original monthly support order of $2,200 was entered in 2008.  Order, 10/16/08.  A divorce stipulation in 2010 set child support and alimony on a specific schedule until July 1, 2011, when alimony terminated and support was converted solely into child support at $1,500 per month.  Order, 1/7/11.

Mother filed a petition to modify support on September 8, 2017, and following a de novo hearing before a Hearing Officer on February 20, 2018, the Hearing Officer filed findings of fact and conclusions of law on March 8, 2018. Petition to Modify Support, 9/8/17; Findings of Hearing Officer, 3/8/18. Both parties filed exceptions: Father, on March 14, 2018, and Mother, on April 2, 2018. On May 16, 2018, the trial court entered an order remanding three of Father's exceptions and two of Mother's exceptions to the Hearing Officer. Order, 5/16/18. For reasons unexplained by the parties and the trial court, the trial court entered an amended order on May 24, 2018, that appears to be identical to the May 16, 2018 order.

The Hearing Officer entered new findings on December 11, 2018. Findings of Hearing Officer, 12/11/18. Both parties excepted to the new findings; Father filed nineteen exceptions on December 28, 2018, consisting of his original twelve exceptions to the March 14, 2018 Findings as well as seven new exceptions not previously discussed at the original February 20, 2018 de novo hearing. Mother filed one exception on January 17, 2019. Following a hearing on March 18, 2019, the trial court entered an order on April 8, 2019, and an amended order on May 1, 2019, denying all of Father's exceptions and granting Mother's one cross-exception. Father filed this appeal on May 20, 2019. Both Father and the trial court complied with Pa.R.A.P. 1925.

In its Pa.R.A.P. 1925(a) opinion, the trial court assailed the large number of issues Father raised in his Pa.R.A.P. 1925(b) statement and observed, "While attorneys have a duty to advocate on behalf of their clients, there is a point where a line must be drawn and zealousness must be restrained." Trial Court Opinion, 11/5/19, at 3. In addition, the trial court determined that Father's Rule 1925(b) statement was not concise or clear and erroneously required the court to attempt to guess what issues were appealed. Id. at 4. In holding some issues waived, the trial court stated:

> [F]ive (5) Exceptions were remanded to the Hearing Officer. The Hearing Officer was instructed to adhere to the remanded issues[,] and no other issue could be presented in front of the Hearing Officer other than the specific issues remanded. The remand was explicit and was not another opportunity for either party to re-litigate the entire case. Any issues not related to these five (5) issues remanded to the Hearing Officer have been improperly brought as they were waived when [Father] and [Mother] failed to Except to the issues in their March 14, 2018 and April 2, 2018 Exceptions and then failed to appeal this [c]ourt's May 16, 2018 order. Therefore, the rulings made by this [c]ourt are no longer appealable and [Father's] only basis for appeal can be based upon the Findings. Pursuant to Pa.R.A.P. 302(a), "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." (Current with amendments received through September 15, 2019). Therefore, this [c]ourt should not have to address issues untimely brought and outside the scope of the remand.

Id. at 4–5 (footnote omitted). Thus, the trial court addressed only the issues that related to the five claims remanded to the Hearing Officer on May 16, 2018.

On appeal, Father raises the following issues:

[A.] Did [Father] waive his issues on appeal by failing to raise concise statements of error or by failing to otherwise preserve his issues for appeal?

[B.] Did the trial court err in permitting the inclusion of retroactive support for over six (6) years preceding the filing of the Petition for Modification of Support?

[C.] In including and calculating retroactive support, did the trial court err in failing to include substantial retroactive income of [Mother] while simultaneously including the retroactive income of [Father]? Restated; did the trial court err in failing to calculate both parties' incomes for the Basic Support Obligation as required under the Support Code?

Father's Brief at 7.

Father first issue assails the trial court's determination that any claims made in Father's first round of exceptions are now waived. Contrary to the trial court, Father maintains that he could not have appealed the trial court's May 16, 2018 order remanding those exceptions because it was not a final order "dispos[ing] of all claims as a related to child support." Father's Brief at 26–27. In support, Father cites Deasy v Deasy, 730 A.2d 500 (Pa. Super. 1999), wherein this Court stated, "The Superior Court has ruled that an order that remands some claims for hearing before a hearing officer is by definition an interlocutory order because it does not resolve all issues related to an award of child support." Id. at 503.

Father also takes issue with the trial court's position that Father's appeal concerns matters that are outside the scope of the remand hearing, asserting that such fact is irrelevant because the trial court's denial of his March 14, 2018 exceptions and December 28, 2018 exceptions are reviewable in this

appeal. Father's Brief at 28. He posits that while the remand hearing was to be limited in scope, the effect of the trial court's remand order was to reject the existing findings of the Hearing Officer. Id. at 29. Thus, Father contends the Hearing Officer "returned to the trial court a significantly different set of findings, to which Father also excepted. Id.

Finally, in his first issue, Father maintains that he did not raise an "outrageous" number of issues in his Pa.R.A.P. 1925(b) statement, thereby challenging the trial court's reliance on case law finding such statements to be waived for failing to be identified in a concise manner. Father's Brief at 30–31.

We conclude that we need not determine whether Father failed to preserve issues during the exception process because he otherwise waived the majority of his errors complained of on appeal by failing to include a concise statement of each matter in his Statement of Questions Involved in his appellate brief. Pa.R.A.P. 2116 ("The statement of the questions involved must state concisely the issues to be resolved. . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, we must ensure that both substantive issues raised on appeal likewise were included in Father's Pa.R.A.P. 1925(b) statement. See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

As Mother avers, we are able to categorize Father's issues into two succinct topics: "namely, (1) retroactivity; and (2) [Mother's] 2014 income and earning capacity." Mother's Brief at 10; Father's Brief at 7. Because Father has included only two substantive issues in his Statement of Questions Involved in his brief, they are the only issues before the court. Commonwealth v. Dunphy, 20 A.3d 1215, 1218 (Pa. Super. 2011) (Issues raised in Pa.R.A.P. 1925(b) statement that are not included in appellate brief are abandoned).

The standard of review for modifications to a child support award is well settled.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

Rich v. Rich, 967 A.2d 400, 405 (Pa. Super. 2009) (citations omitted). Further, "with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand." Hogrelius v. Martin, 950 A.2d 345, 348 (Pa. Super. 2008) (citation omitted).

Thus, we examine the second and third issues in Father's brief.  Father argues the trial court erred in permitting the inclusion of retroactive support for over six years preceding the filing of Mother's Petition for Modification of Support.  Father's Brief at 33.  Father asserts that the trial court's order to the Hearing Officer to take into consideration Father's earnings since October 10, 2008, effectively resulted in a determination that support should be retroactive to a time preceding the filing of Mother's petition to modify.[1] Father's Brief at 33–34.  Father contends this was error because child support should be retroactive to the date of filing unless specific and appropriate justification is shown.  Id. at 33 (citing Christianson v. Ely, 838 A.2d 630 (Pa. 2003)).  We assume that Father is referring to the trial court's disposition of Mother's exceptions in its May 24, 2018 order, as follows:

14. [Mother's] Second Cross-Exception is hereby granted.  This matter shall be remanded to the Master to clarify if [Father's] change in earnings since the entry of the October 10, 2008 Support Order were taken into consideration, and if not[,] the Master shall take the change in earnings into consideration.

15. [Mother's] Third Cross-Exception is hereby granted.  This matter shall be remanded to the Master to clarify if [Father's] two (2) lump sum payments received after the entry of the October 10, 2008 Support Order were taken into consideration, and if not[,] the Master shall take the change in earnings into consideration.

_____

[1]   Father does not clarify to what he is referring in making these broad statements, which apparently led to the trial court's frustration in crafting its Pa.R.A.P. 1925(a) opinion and compels that we, too, must make assumptions concerning Father's argument.

Amended Order, 5/24/18, at ¶¶ 14–15.

Of the nineteen claims of error listed in Father's Pa.R.A.P. 1925(b) statement, only one contention relates to retroactivity:  that is, issue six, which states, "The trial court violated 23 Pa C.S. §4352(e) when it awarded retroactive modification when there was no misrepresentation by [Father] or any other compelling reason to preclude the petitioner from filing a Petition for Modification, and no record existed to make a finding that such a reason existed."  As this is the only preserved claim related to retroactivity, we confine our consideration of issue (B) to its identification in paragraph six of Father's concise statement.  See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  Nexus Real Estate, LLC v. Erickson, 174 A.3d 1, 4 (Pa. Super. 2017).  All other arguments Father makes in his brief related to retroactivity are waived.  Id.

In this regard, Father cites 23 Pa.C.S. § 4352(e),[2] which governs retroactivity of a support order.  He contends that the trial court failed to

_____

[2]  § 4352. Continuing jurisdiction over support orders

* * *

(e) Retroactive modification of arrears.--No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification.  If a petition for modification was filed, modification may be applied to the period beginning on

- 8 -

provide any analysis concerning whether Mother was precluded from filing for support earlier as a result of misrepresentation, disability, or other compelling factor as required by Section 4352. Father's Brief at 35–36. Father also avers that the Hearing Officer and trial court erred in failing to determine at what point Mother no longer was precluded from filing a petition for modification, also as required by Section 4352. Id. at 36, 37.

Father posits that the Hearing Officer failed to find that Father had violated his duty to notify the domestic relations office within seven days of any material change in circumstances relevant to a support order, pursuant to 23 Pa.C.S. § 4353.[3] Father's Brief at 38. He therefore suggests that the

_____

the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

23 Pa.C.S. § 4352.

[3] § 4353. Duty to report

(a) Notice of changes affecting support.--An individual who is a party to a support proceeding shall notify the domestic relations section, the department and the other parties in writing or by personal appearance within seven days of any material

sanction for a failure to give notice is a finding of contempt of court, not consideration of retroactive support as the trial court did herein. Id. at 38.

The trial court did not address Father's claim that it awarded retroactive modification of support to a time preceding the filing of Mother's petition to modify. Trial Court Opinion, 11/5/19, at 8. Rather, the trial court held that the issue was "outside the scope of the remand to the Hearing Officer." Id. Father responds that after the first remand, the Hearing Officer "returned to the trial court a significantly different set of findings and recommendations than it previously delivered, which included years of retroactive support obligations." Father's Brief at 29. Therefore, Father posits that he could not have excepted to findings that had not yet been made. Id. at 29.

Father's issue lacks merit. The trial court properly calculated Father's net disposable income and corresponding support obligation retroactive to January 1, 2012. While Father admittedly cites the law concerning retroactivity, 23 Pa. C.S. § 4352(e), and Pa.R.C.P. 1910.17(a)[4], we agree with

_____

change in circumstances relevant to the level of support or the administration of the support order . . . .

23 Pa.C.S. § 4353.

[4] Pa.R.C.P. 1910.17(a) provides, in pertinent part:

An order of support shall be effective from the date of the filing of the complaint or petition for modification unless the order specifies otherwise. . . . [A] modification of an existing support order may be retroactive to a date preceding the date of filing if the petitioner

Mother that Father inappropriately attempts "to make the trial court's ability to retroactively set the effective date of a support order dependent on whether the trial court finds an obligor in contempt of his duty to report pursuant to 23 Pa.C.S.A. § 4353(a)." Mother's Brief at 14–15. Such a claim is directly defeated by well settled case law. See, e.g., Albert v. Albert, 707 A.2d 234 (Pa. Super. 1998) (retroactive modification of support justified where opposing party misrepresented income for child support purposes), and Krebs v. Krebs, 944 A.2d 768 (Pa. Super. 2008) (increased retroactive child support owed from date the appellant first failed to report increased income).

Thus, Father's failure to report a substantial and continuing change in circumstances satisfied the misrepresentation or compelling-reason burden necessary to warrant retroactive modification. Father admitted that he failed to inform Mother of any increase in his pay between the years 2008 until 2017, as follows:

> Q [By Mother's counsel]: With regard to the increase in pay that you received between 2008 and 2017, did you ever report any of those to Domestic Relations?
>
> A [By Father]: Did I report them? No. I sent a letter out once in a while if you want to go back and review them.
>
> Q You never took them up on that or supplied additional information to Domestic Relations from 2008 until 2017?

---

was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.

- 11 -

A No.

N.T., 2/20/18, at 98.

Moreover, while the trial court declined to address the issue of retroactivity, it pointed out that:

> [Father] received a lump sum payment in the amount of $68,000 that he never reported to [Mother]. There was a purposeful omission on behalf of [Father] about receiving these payments. It is unknown why [Father] believes he should receive some sort of preferential treatment and why his lack of disclosure of this amount of money should be ignored.

Trial Court Opinion, 11/5/19, at 8.

Father's own admission is evidence of misrepresentation and therefore, is a basis for retroactivity as explained in Pa.R.C.P. 1920.17(a) and 23 Pa C.S. § 4352(e). We do not find an abuse of discretion.

In his final issue, Father argues in the alternative, that even if the trial court did not err in ordering retroactive support, the trial court erred in failing to include substantial retroactive income of Mother, while simultaneously including the retroactive income of Father. Restated, he suggests this question asks whether the trial court erred "in failing to calculate both parties' incomes for the Basic Support Obligation as required under the Support Code." Father's Brief at 7. Father suggests this claim assumes, for purposes of argument, that the trial court did not err in ordering retroactive support, but rather, posits that the trial court did not include Mother's income for the year 2014, which allegedly amounted to $137,000. Father's Brief at 41. In addition, Father

maintains that the trial court failed to assess Mother an actual earning capacity for the years 2012 through 2017. Id.

Father cites Pa.R.C.P. 1910.16-2 and asserts that Mother testified to receiving "lump sum payments totaling over $137,000.00 in 2014" resulting from an oil and gas lease. Father's Brief at 44 (citing [N.T., 2/20/18, at 35, 65]). Father argues that these payments should have been included when calculating Mother's gross monthly income. Father's Brief at 44–45 (citing Darby v. Darby, 686 A.2d 1346 (Pa. Super. 1996)). Father contends that the Hearing Officer interpreted the trial court's remand order as a directive not to consider additional income from Mother, and the trial court failed to correct this when exceptions were filed. Father's Brief at 45.

We initially note that any allegation that the trial court failed to assess Mother an earning capacity is waived. Not only is that issue omitted from the Statement of Questions Involved in Father's appellate brief, it also was not included in Father's Pa.R.A.P. 1925(b) statement. We have stated:

> [I]t is well-settled that issues not included in an appellant's statement of questions involved and concise statement of errors complained of on appeal are waived. Krebs v. United Refining Co. of Pa., 893 A.2d 776, 797 (Pa. Super. 2006) (citations omitted) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, and any issue not raised in a statement of matters complained of on appeal is deemed waived."). With respect to issues not included in a concise statement, our Supreme Court has instructed that this Court has no discretion in choosing whether to find waiver. Waiver is mandatory, and this Court may not craft ad hoc exceptions or engage in selective enforcement. City of Philadelphia v. Lerner, 151 A.3d 1020,

1024 (Pa. 2016) (quoting Commonwealth v. Hill, 609 Pa. 410, 16 A.3d 484, 494 (2011)).

In re M.Z.T.M.W., 163 A.3d 462, 466 (Pa. Super. 2017). Because Father failed to include a challenge to Mother's earning capacity in his statement of questions involved and concise statement, that aspect of the issue is waived.

Our review of the record further compels the conclusion that Father also has waived any claim regarding Mother's 2014 income. The trial court found this issue waived on a number of bases, including the fact that following the Hearing Officer's issuance of her Findings of Fact on March 8, 2018, "this issue was never [e]xcepted to from the beginning[,] and so it was waived when [Father] did not [e]xcept to it in his March 14, 2018 Exceptions." Trial Court Opinion, 11/5/19, at 10.

Father attempts to counter this by suggesting he raised the issue in Paragraphs one and seven of his March 14, 2018 exceptions. However, those paragraphs relate, instead, to Mother's photography income in 2017 in paragraph one, and impliedly, 2018 income in paragraph seven. Father's Exceptions, 3/14/18. They do not reference Mother's 2014 income.

Our review of the record makes clear that despite knowing that Mother had received $137,000 from Range Resources in 2014 for an oil and gas pipeline payment, Father did not file an exception regarding this omission from Mother's income in his March 14, 2018 exceptions. Indeed, at the February 20, 2018 hearing de novo, Father testified at great length that he was aware of Mother's receipt of a lump-sum payment in 2014. N.T., 2/20/18, at 95–

96. During cross-examination, Father admitted that he not only knew of the amount Mother received in 2014, he actually negotiated "on her behalf to get her the additional funds." Id. at 96. The trial court's finding of waiver for Father's failure to include the issue in his March 14, 2018 Exceptions is justified, and we do not find that the trial court abused its discretion in so concluding. MacAleer v. MacAleer, 725 A.2d 829, 835 (Pa. Super. 1999) (Husband waived his right to appellate review of issue because he failed to first present it to the trial court by filing exceptions to master's calculations); Pa.R.C.P. 1920.55-2(b) ("Matters not covered by exceptions are deemed waived unless . . . leave is granted to file exceptions raising those matters.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2020